# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

| | |
|---|---|
| JORDAN L. RAUCH, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 2:20-00501 |
| | ) |
| KEEFE COMMISSARY NETWORK, *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Plaintiff's "Motion to Withdraw" (Document No. 6), filed on September 14, 2020. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 5.)

## FACTUAL AND PROCEDURAL HISTORY

On July 23, 2020, Plaintiff, acting *pro se*,[1] filed an Application to Proceed Without Prepayment of Fees and a Complaint seeking relief pursuant to pursuant to Title 42 U.S.C. § 1983. (Document Nos. 1 and 2.) In his Complaint, Plaintiff names the following Defendants: (1) Keefe Commissary Network; (2) West Virginia Department of Corrections and Rehabilitation ("WVDCR"); (3) Betsy C. Jividen, Commissioner; and (4) John Frame. (Document No. 2.) Plaintiff appears to allege that Defendants are violating his constitutional rights by imposing excessive pricing on certain items in the commissary. (Id.) Specifically, Plaintiff states as follows:

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

> For the past 12 years, Keefe Commissary Network has been rate-hiking with excessive prices on TVs and other electronics. John Frame & WVDCR has threatened to take our commissary purchases for filing grievances about this. Keefe has under bid other commissary providers illegally with insider help in the past 12 years and WVDCR & John Frame need to be ordered to not stop any commissary purchases for any reason for the duration of this lawsuit and after so they can't retaliate on us for this.

(Id., p. 4.) Plaintiff requests monetary and injunctive relief. (Id., p. 5.)

On September 14, 2020, Plaintiff filed a Motion to Withdraw requesting that the above action be withdrawn. (Document No. 6.) Plaintiff further requests the return of any filing fee paid in the above action. (Id.) The undersigned, however, notes that no filing fee was paid in the above action.

## **ANALYSIS**

Federal Rule of Civil Procedure 41(a)(1)(A)(i) provides that a plaintiff may voluntarily dismiss an action without a Court Order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Rule 41(a)(1)(B) states in pertinent part, as follows:

> Unless the notice of dismissal or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal – or state – court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The purpose of the Rule respecting voluntary dismissal "is freely to allow voluntary dismissals unless the parties will be unfairly prejudiced." Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987). "A plaintiff's motion under Rule 41(a)(2) should not be denied absent substantial prejudice to the defendant." Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir. 1986). It is well established that prejudice to the defendant does not result from

the prospect of a second lawsuit. See Vosburgh v. Indemnity Ins. Co. of North America, 217 F.R.D. 384, 386 (S.D. W.Va. Sep. 12, 2003). In considering a Motion under Rule 41(a)(2), the District Court should consider the following relevant, but non-dispositive, factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." Id.

Defendants have neither filed an Answer to Plaintiff's Complaint nor otherwise pled. Accordingly, the undersigned respectfully recommends that Plaintiff's Motion requesting voluntary dismissal of this action be viewed under Federal Rule of Civil Procedure 41(a)(1)(A) and that the instant civil action be dismissed under Rule 41(a)(1)(A)(i) without prejudice. See e.g., Camacho v. Mancuso, 53 F.3d 48, 51 (4th Cir. 1995)(Rule 41(a)(1) "only allows a unilateral dismissal prior to a defendant's filing an answer to the complaint or filing a motion for summary judgment.") To the extent Plaintiff requests the return of any paid filing fee, the undersigned finds that such a request should be denied as no filing fee was paid in the above action.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore hereby respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT in part and DENY in part** Plaintiff's "Motion to Withdraw" (Document No. 6). To the extent Plaintiff requests his filing fee paid in the above action be returned, the undersigned recommends that his Motion be **DENIED** as no filing fee was paid. To the extent Plaintiff requests that the above action be withdrawn, the undersigned recommends that his Motion be **GRANTED** and his Complaint be **DISMISSED** (Document No. 2) without prejudice and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: September 16, 2020.

Omar J. Aboulhosn
United States Magistrate Judge